State *v.* Connell.

## STATE *v.* CONNELL.

An indictment for selling one pint of spirituous liquor is sustained by proof of the sale of two glasses of such liquor.

On the trial of an indictment, the respondent cannot be permitted to testify, under the provisions of the act of June 27, 1857, ch. 1952, and of the amendatory act of June 25, 1858, ch. 2090.

THE respondent was indicted for selling one pint of spirituous liquor. The proof was that he sold two glasses of such liquor. The court ruled that the quantity alleged was immaterial, and instructed the jury that they might convict, although the quantity sold did not correspond with that alleged in the indictment.

The respondent offered himself as a witness to testify on the trial, but was excluded by the court.

The jury returned a verdict of guilty, and the respondent having excepted to the rulings and instructions aforesaid, moves for a new trial.

*Burke & Waite*, for the respondent.

If the State did not intend to be bound by the quantity alleged, notice should have been given to the respondent, by alleging it under a *videlicit*. *Seymour* v. *Knox*, 3 T. R. 65; *Amfield* v. *Pratt*, 3 M. & Sel. 173; *Arundel* v. *Bowman*, 2 Moore 91; *Bray* v. *Freeman*, 2 Moore 114; *Gladstone* v. *Neal*, 13 East 410; 2 Saund. 291, (e ;) *Crispen* v. *Williamson*, 8 Taunt. 107.

The act of June 25, 1858, is, in the broadest terms, an extension of the provisions of the act of June 27, 1857, which declare that no person shall be excluded as a witness in any civil suit or proceeding, by reason of his being a party, "to all actions, suits and proceedings at law or in equity."

*Ticknor*, county solicitor, for the State.

The established rule is, that in pleading, quantity is not material, unless it constitutes a part of the offence charged. Were it otherwise, it would be impossible to convict for violations of the act on which the indictment is founded.

The act of June 25, 1858, extends the provisions of that of June 27, 1857, to civil causes pending, and not to criminal proceedings. Upon this construction, the terms of the former act are fully satisfied.

SAWYER, J. The quantity of spirituous liquors sold is immaterial; the statute offence consisting in the act of selling. In setting out a contract in pleading, it is necessary to set it forth correctly, and to prove it as laid; but not so in alleging and proving an offence which is equally committed, whether one quantity or another is proved. *Rex* v. *Burdett*, 1 Ld. Raym. 148; *Rex* v. *Gillham*, 6 T. R. 265.

That there are cases where the want of a *videlicit* will render an averment material, which would not otherwise be so, is undoubtedly true; 2 Saund. 291, n. (1;) but they are, generally, cases of contract, where, by the rules of

State *v.* Connell.

pleading, the averment of time, price, quantity, &c., may be either general or specific, at the election of the pleader; and where, if he adopts the specific form instead of the general, he is bound to prove it precisely as stated; as, where the averment of time may be made by the general allegation of "afterwards," or "prior thereto," or by specifying a subsequent or prior day; or in averring a sum or price, it may be generally, by setting forth, "for a certain sum or price agreed to be paid," or by stating the sum or price specifically. Where either of these modes of averment may be adopted at the pleasure of the pleader, if the day, sum or quantity is specifically stated, instead of the general averment followed by the specific statement under a *videlicit*, the averment must be proved precisely as stated. Here, the general averment that the respondent sold "a certain quantity of spirituous liquors," without specifying how much, would be bad. Some quantity must be stated, though immaterial to be proved precisely as stated, and whether stated under a *videlicit* or without it, the allegation is sustained by proof of any quantity. 1 Chit. Cr. Law 227.

In the case of *State* v. *Flanders*, reported in this volume, the court had occasion to consider the other question presented by this case, and it was there held that the object of section 2, of the act of June 25, 1858, was to extend the provisions of the act of June 27, 1857, which permit the parties to testify in civil cases, to causes then pending, but not to criminal proceedings. The grounds of the decision are stated in that case, and need not be here repeated. The exceptions being overruled, the motion for a new trial must be denied.